IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR451 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| GEORGE W. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 20) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, George W. Robinson (Filing No. 11). Robinson objected to the Report and Recommendation. (Filing No.23) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Robinson is charged in a one-count Indictment with possession with intent to distribute at least 5 but less than 50 grams of a mixture or substance containing a detectable amount of cocaine base, *i.e.*, crack cocaine. (Filing No. 1.). Robinson seeks an order suppressing evidence seized as a result of his October 29, 2005, arrest and search of his automobile and canvas bag.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded: officers had probable cause to stop the vehicle because the vehicle lacked a front license plate, a minor traffic violation;[1] the officers' testimony was more credible than Robinson's due to Robinson's interest in the case and

---

[1] At the hearing, the Defendant withdrew his challenge to the legality of the traffic stop. (Tr. 39.)

his four prior felony convictions; officers performed a valid *Terry* stop; a reasonable articulable suspicion that the bag contained a weapon supported the search of the bag; and the search would have been inevitable because Robinson could have been arrested for the weapon concealed in the bag. On the basis of these determinations, Judge Gossett recommended that the Defendant's motion be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## FACTUAL BACKGROUND

Briefly, on October 29, 2005, police officers Thomas Queen and Ray Griffin saw a beige Saturn traveling northbound on 30th Street in Omaha, Nebraska, without a front license plate, in what the officers considered to be a high-crime area. (Tr. 5-6.) The officers stopped the vehicle. Looking in the passenger window, Officer Queen noticed a knife handle sticking out from under some papers on the center console of the vehicle. (Tr. 6.) Officer Griffin told the driver, later identified as the Defendant, George W. Robinson, to step out of the car, at which time Robinson reached across to the passenger side and grabbed a small canvas bag. Robinson did not respond quickly to the order to step out, and Griffin had to open the door. (Tr. 8, 21.) Queen grabbed and secured the knife, and Griffin ordered Robinson to drop the bag. (Tr. 9.) Robinson did not drop the bag, and Queen took it out of Robinson's hand and dropped it to the floor. When Robinson again

was told to step out of the vehicle, he again reached for the bag and was then handcuffed. (Tr. 22.)  Queen searched the bag because he thought it might have contained another weapon.  (Tr. 9, 10.)  Inside the bag was Robinson's identification and three toothpaste tubes that contained a substance that resembled crack cocaine.  (Tr. 10.)

Robinson testified that he moves slowly due to a degenerative low back disc problem, and that he reached for his bag to retrieve his registration and license which were requested by the officer.  (Tr. 27-31, 32.)

The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 22).  Based on the Court's de novo review of the evidence and arguments, the Court adopts the testimony of Officers Queen and Griffin as Judge Gossett's factual findings.

## ANALYSIS

The Defendant objects to the following legal conclusions in Judge Gossett's Report and Recommendation: the *Terry* stop was lawful; the search of the bag was lawful under the inevitable discovery doctrine; and the evidence should not be suppressed as fruit of the poisonous tree.

Initially, the Court notes that the poisonous tree doctrine was not addressed in the motion, at the hearing, or in Judge Gossett's Report and Recommendation.  Rather, there was discussion about the inevitable discovery doctrine.

More important, the Defendant's objections were not supported by a brief as required by the local court rules.  NECrimR 57.3(a).  Therefore, the objections are deemed "abandoned" and need not be further addressed.  *Id.*

## CONCLUSION

Notwithstanding the absence of objections that must be considered, pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3, the Court has conducted a de novo review of the record.  The Court has read the parties' briefs and the transcript.  Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.   The Defendant's motion is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 20) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 23) is denied;

3. The Defendant's Motion to Suppress (Filing No. 11) is denied.

DATED this 28th day of June, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge