IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR451** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **GEORGE W. ROBINSON,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties objections thereto (Filing Nos. 37, 39). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

Both parties object to 18 (dangerous weapon enhancement), and the Defendant also objects to ¶¶ 38 and 39 (criminal history).[1] The objections are discussed below.

### ¶ 18 - Dangerous Weapon Enhancement

Based on the government's position and explanation summarized in the Addendum to the PSR, the objections are granted.

### ¶ 38 - Criminal History

The Defendant states that this prior conviction occurred more than 15 years "ago" and, therefore, criminal history points may not be assessed for this prior offense.

U.S.S.G. § 4A1.2(e)(1) provides that the a prior sentence exceeding one year and one month imposed within 15 years from the commencement of the instant offense shall

---

[1]The Defendant did not originally object to the PSR as required by ¶ 4 of the PSR.

be counted. Any sentence served upon parole revocation served within the 15-year period brings the conviction within that period. *United States v. Saul,* 11 Fed. Appx. 694, 695 (8th Cir. 2001).

The Defendant was discharged from prison after serving time for his parole revocation on May 8, 1991. The instant offense occurred on October 29, 2005, within the applicable 15-year period. The objection is denied.

*¶ 39 - Criminal History*

Similar to ¶ 38, the Defendant was discharged after serving time for a parole revocation on May 8, 1991. The objection is denied.

IT IS ORDERED:

1. The government's objection to the Presentence Investigation Report (Filing No. 39) is granted;

2. The Defendant's objections to the Presentence Investigation Report (Filing No. 37) are granted in part and denied in part as follows:

    a. the objection to ¶ 18 (dangerous weapon enhancement) is granted;

    b. otherwise, the objections are denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the

submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 31st day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge