IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR451 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| GEORGE W. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed by the Defendant, George W. Robinson, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 62). His motion includes requests for an evidentiary hearing and appointment of counsel.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Robinson pleaded guilty to a one-count Indictment charging him with possessing cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). His plea agreement included an agreement that no motions for downward departure would be filed pursuant to U.S.S.G. § 5H1.1, et seq.

The plea agreement applied base level 26, a 2-level dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1), a 3-level reduction for acceptance of responsibility; and a career offender enhancement under U.S.S.G. § 4B1.1 based on prior state court convictions set out in ¶¶ 43 and 45 of the PSR. The total offense level was 31, and the criminal history category was VI, applied both because of Robinson's career offender classification and his 13 criminal history points. Both parties objected to the dangerous weapon enhancement, and those objections were granted.[1] Defense counsel also objected to the PSR with respect to ¶¶ 38 and 39, and those objections were denied. The PSR included narrative information relating to Robinson's health conditions and substance abuse. (Filing No. 43.)

At sentencing, during allocution, defense counsel asked the Court to take into account Robinson's health, noting that he walked with a cane. (Filing No. 54, Sentencing Tr., at 4-5.) Robinson also spoke during allocution, only to ask that the Court give him a "break." (*Id.*, at 5.) Robinson appealed the denial of his suppression motion.[2] (Filing No. 48.) The Eighth Circuit Court of Appeals affirmed this Court's judgment. (Filing No. 57.) Robinson timely filed his § 2255 motion.

## DISCUSSION

In his § 2255 motion, Robinson argues that he received ineffective assistance of counsel, because his trial attorney, Glenn Shapiro, failed to: object to the two predicate state court convictions in ¶¶ 43 and 45 that resulted in his career offender classification; and file a motion for downward departure pursuant to U.S.S.G. § 5K2.0 based on his long-

---

[1] The ruling on the dangerous weapon did not affect the guideline calculation in light of the career offender classification.

[2] The plea was conditional.

standing drug addiction and health condition. He also requests an evidentiary hearing and appointment of counsel.

In order to establish ineffective assistance of counsel, Robinson must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

*Predicate Convictions/Career Offender Status*

The PSR reveals four possible predicate drug felonies, in ¶¶ 38, 39, 43 and 45. Therefore, even if defense counsel had challenged the convictions in ¶¶ 43 and 45 and succeeded, the challenge would have been moot in light of ¶¶ 38 and 39. Defense counsel did object to ¶¶ 38 and 39, and those objections were denied.

In summary, Robinson is unable to show the prejudice prong under *Strickland,* and therefore the Court need not examine the first prong of the *Strickland* test. This claim is denied.

*Downward Departure*

Robinson's argument that a downward departure motion was not filed under U.S.S.G. § 5K2.0 is misplaced. U.S.S.G. § 5H1.4 regards downward departures for health reasons, including drug or alcohol dependence. Motions for downward departure under

this guideline were prohibited by the plea agreement. (Filing No. 31, ¶ 6.) This claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied. The requests for an evidentiary hearing and appointment of counsel are also denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 62);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 62) is summarily denied;

3. The Defendant's requests for an evidentiary hearing and appointment of counsel (Filing No. 62) are denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge