IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR451 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| GEORGE W. ROBINSON, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion to alter or amend the judgment (Filing No. 65) issued after consideration of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"). The motion is considered as a request for a certificate of appealability.

Before a defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

The Defendant, George W. Robinson, pleaded guilty to Count I of the Indictment and was sentenced to 188 months imprisonment and 4 years supervised release. (Filing No. 45.)  On direct appeal, his conviction was affirmed. (Filing No. 57.)  Robinson filed a motion pursuant to 28 U.S.C. § 2255, which was denied on initial review. (Filing No. 63.)  Robinson now asks that the Court revisit its ruling on the § 2255 motion.

At the sentencing stage, defense counsel objected to the consideration of prior offenses listed in ¶¶ 38 and 39 of the Presentence Investigation Report ("PSR") as predicate offenses for Robinson's career offender status.  Those objections were analyzed and denied in the tentative findings. (Filing No. 40.)  In his § 2255 motion, Robinson argues that defense counsel was ineffective for failing to argue that the prior convictions in ¶¶ 43 and 45 of the PSR did not support the finding that he was a career offender.  The issue was denied because Robinson was unable to satisfy the prejudice prong of the *Strickland* test, and the Court noted that even if counsel had been successful with respect to ¶¶ 43 and 45 the prior convictions set out in ¶¶ 38 and 39 would have qualified Robinson as a career offender.  In his motion to alter or amend the judgment, Robinson argues that the Court erred in construing his § 2255 argument only with respect to ¶¶ 43 and 45 and also in concluding that ¶¶ 38 and 39 would have supported his status as a career offender.  This argument is misplaced.  As explained in the Court's tentative findings, ¶¶ 38 and 39

would have also qualified Robinson as a career offender.  Therefore, the motion to alter or amend the judgment, considered as a request for a certificate of appealability, is denied. Robinson has not met the standard of showing a substantial denial of a constitutional right.

IT IS ORDERED:

1. The Defendant's motion to amend judgment (Filing No. 65), considered as a request for a certificate of appealability, is denied; and

2. The Clerk shall mail a copy of this memorandum and order to the Defendant at his last-known address.

DATED this 28th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge