IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:05CR451 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| **GEORGE W. ROBINSON,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Notice of Appeal (Filing No. 67) from the Memorandum and Order (Filing No. 63) and Judgment (Filing No. 64) denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 62).  The Defendant has moved for leave to proceed in forma pauperis on appeal (Filing No. 68).

Before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c).  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 894 (1983) (defining the former standard for a certificate of probable cause to appeal)). "Where a district court has rejected the constitutional claims on the merits,[1] the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.

For the reasons set forth in the Court's Memorandum and Order denying the defendant's § 2255 motion (Filing No. 63), the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Moreover, the Court rejects the Defendant's argument in his request for a certificate of appealability that the Court acted improperly in denying him a hearing on his § 2255 motion because the matter of a hearing is discretionary. RULE 8 GOVERNING SECTION 2255 PROCEEDINGS. Because the Court will deny the request for a certificate of appealability, the motion for leave to appeal in forma pauperis is denied as moot.

---

[1] In contrast, if the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling.

2

IT IS ORDERED:

1. The Defendant's request for a certificate of appealability (Filing No. 67) is denied;

2. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 68) is denied as moot;

3. The Clerk of the Court shall provide a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge