# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR451** |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **GEORGE ROBINSON,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion filed through counsel to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines (Filing No. 79). Counsel also filed a supporting brief. (Filing No. 80.) The probation office completed a worksheet. (Filing No. 77.)

Robinson's total offense level after application of the career offender guideline, U.S.S.G. § 4B1.1, was 31, and he was placed in Criminal History Category VI. (Filing No. 43 ("PSR").) His guideline range was 188-235 months. (PSR, ¶ 74.) Robinson objected to several prior convictions. (Filing Nos. 104, 105.) Objections were filed regarding Robinson's criminal history, and the objections were denied. (Filing Nos. 37, 40.) Robinson was sentenced to 188 months imprisonment and 4 years supervised release. (Filing No. 45.) The Eighth Circuit Court of Appeals affirmed his conviction. (Filing No. 57.) This Court summarily denied Robinson's motion brought under 28 U.S.C. § 2255. (Filing Nos. 63, 64.) This Court denied Robinson's motion for a certificate of appealability. (Filing No. 70.) The Eighth Circuit also denied Robinson's application for a certificate of appealability. (Filing No. 78.) As the Eighth Circuit mandate has issued (Filing No. 84), this Court now has jurisdiction to consider Robinson's motions for a reduction in his sentence due to the recent amendments to the crack cocaine sentencing guidelines (Filing No. 79).

In seeking a downward adjustment under the new crack cocaine guidelines, Robinson acknowledges: he was sentenced as a career offender; the state of the Eighth Circuit law; and his desires to preserve the issue in the event of a favorable ruling from the United States Supreme Court. The Eighth Circuit has stated that a career offender's base offense level is determined under U.S.S.G. § 4B1.1 and not U.S.S.G. § 2D1.1. The sentencing commission lowered the levels under § 2D1.1(c) and did not amend § 4B1.1. *United States v. Tingle,* 524 F.3d 839, 840 (8th Cir.), *cert. denied,* 129 S. Ct. 473 (2008).

IT IS ORDERED that the Defendant's motion to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines (Filing No. 79) is denied.

DATED this 1st day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge